UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MANLY BASKERVILLE,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary, *et al.*,<br><br>Respondents. | Civil No.   11-CV-242-WQH (BGS)<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

Petitioner Bruce Manly Baskerville ("Baskerville"), a prisoner currently incarcerated at Calipatria State Prison, proceeds *pro se* in this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 11, 2011, Respondents filed a motion to dismiss on the grounds that the petition is (1) barred by the statute of limitations, and (2) procedurally defaulted. (Doc. No. 11 at 1.) Baskerville filed an opposition on May 19, 2011. (Doc. No. 19.)

This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to S.D. Cal. Civ. R. 72.1(d).  For the reasons set forth below, this Court recommends that

Respondents' motion to dismiss the Petition for Writ of Habeas Corpus be GRANTED.

## BACKGROUND

On September 9, 1988, Baskerville pled guilty to five counts of residential burglary in exchange for a maximum sentence in state prison of eleven years, five months, and up to $100,000 in fines. (Lodgment 11.)

On November 25, 1997, a jury convicted Baskerville of one count of robbery and one count of attempted robbery. (Lodgment 2.) In a 1998 bifurcated hearing, the court denied Baskerville's motion to dismiss the five previous convictions stemming from his 1988 case and pursuant to California's "Three Strike Law," sentenced Baskerville to fifty years to life. (Lodgment 4.)

On direct appeal to the California Court of Appeal, Baskerville argued his conviction was tainted by an overly suggestive identification and that his waiver of jury trial on the prior convictions was not voluntary and intelligent. (Lodgment 1.) The California Court of Appeals denied Baskerville's appeal on November 23, 1998. (Lodgment 4.) Baskerville then filed a petition for review in the California Supreme Court, raising only the claim of whether his waiver of a jury trial was voluntary and intelligent. (Lodgment 5.) In a summary order issued on February 3, 1999, the Supreme Court of California denied further discretionary review. (Lodgment 6.)

In 2000, Baskerville completed a full found of state habeas corpus actions. On January 8, 2000, Baskerville filed a petition for writ of habeas corpus in the California Superior Court, raising three grounds for relief: (1) the counts against him were improperly consolidated for trial; (2) he received ineffective assistance of trial counsel; and (3) he received ineffective assistance of appellate counsel. (Case No. 00-CV-2119-K (BEN), Doc. No. 1 at ¶14.) That petition was denied February 7, 2000. (Lodgment 7.) On March 17, 2000, Baskerville raised the same claims in a petition for a writ of habeas corpus before the California Court of Appeal, which it denied on April 26, 2000. (*Id.*) On May 30, 2000, Baskerville filed a petition

for writ of habeas corpus in the California Supreme Court, raising the same claims as the previous petitions. That petition was denied September 27, 2000. (*Id*.)

Baskerville, pursuant to 28 U.S.C. § 2254, filed a petition for writ of habeas corpus in federal court on October 19, 2000, raising the following claims: (1) the photographic lineups used by the police were suggestive, (2) his right to a jury trial on the allegations of prior convictions was violated, (3) the counts against him were improperly consolidated for trial, (4) he received ineffective assistance of trial counsel, and (5) he received ineffective assistance of appellate counsel . (Lodgment 8.) That petition was assigned case no. 00-CV-2119-K (BEN). (*Id.*) On July 6, 2001, following a warning that the first claim remained unexhausted, the court dismissed the petition as mixed. (*Id.*) The court granted a certificate of appealability, but there is no indication that Baskerville pursued an appeal in the United States Court of Appeals for the Ninth Circuit.

In April, 2008, Baskerville commenced another round of state collateral attacks, filing a petition for writ of habeas corpus in the Superior Court. (Lodgment 10.) In that petition, Baskerville claims the sentencing court improperly treated his convictions in the 1988 case as five prior convictions for purposes of California's "Three Strikes Law." The Superior Court denied the petition in an order dated May 5, 2008, holding that Baskerville failed to demonstrate that his 1988 plea bargain included a promise that his five burglary convictions would be treated as a single prior conviction in future proceedings. (Lodgment 10.) The court also determined this was an issue that Baskerville could have addressed in his direct appeal or previous petition for writ of habeas corpus and was therefore untimely and successive. (*Id.*)

On October 2, 2008, Baskerville asserted the same claim in California's intermediate court. (Lodgment 12.) The court denied the petition on November 10, 2008, finding that the petition was not only procedurally defaulted as both untimely and successive, but also lacked merit. (*Id.*)

On November 16, 2009, Baskerville filed a petition in the California Supreme Court, raising the

same arguments. (Lodgment 13.) In an order dated May 20, 2010, the California Supreme Court summarily denied the petition, citing *In re Clark,* 5 Cal. 4th 750 (1993) and *In re Robbins*, 18 Cal. 4th 770, 780 (1998). (Lodgment 14.)

Baskerville filed the instant federal habeas petition on January 28, 2011. (Doc. No. 1); *see Houston v. Lack*, 487 U.S. 266, 276 (1988). In Ground One of his petition, Baskerville claims that the state court presiding over his 1998 sentencing hearing violated his right to due process when it construed his 1988 plea bargain as five separate prior convictions, attributed two strikes to each of Baskerville's 1997 counts, and sentenced him to two consecutive terms of twenty-five years to life, in accordance with California's Three Strikes Law. More specifically, Baskerville asserts the state court's sentence violated the terms of his 1988 plea bargain, which he interprets as an agreement that he would face a maximum five-year enhancement penalty on any future conviction. Baskerville's current claim in this court is the same as that which the California Supreme Court summarily denied in its order of May 20, 2010. (Lodgment 14.)

## DISCUSSION

**I. Motion to Dismiss**

Respondents argue that Baskerville is precluded from obtaining federal habeas relief because the California Supreme Court found his claims to be procedurally defaulted as untimely and successive. (Doc. No. 11-1 at 5.) Respondents also argue that the current Petition is untimely under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") applicable statute of limitations. (*Id.* at 5-9.) In opposition, Baskerville does not contest that his claim was denied pursuant to an independent and adequate state procedural rule, but instead argues that he should be excused from procedural default because he can demonstrate cause and prejudice. (Doc. No. 19 at 3-5.) Although not explicitly stated, in liberally construing Baskerville opposition, he seems to also argue for equitable tolling concerning AEDPA's statute of limitations.

//

**A. Procedural Default**

A petition for a writ of habeas corpus is the proper pleading when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). "A state prisoner seeking federal habeas relief must first exhaust the remedies available in the courts of the state, thereby affording those courts the first opportunity to address and correct alleged violations of the prisoner's federal rights." *Walker v. Martin*, – U.S. –, 131 S.Ct. 1120, 1127 (2011). Under the doctrine of procedural default, a petitioner who has defaulted on his claims in state court is barred from raising them in federal court so long as the default is "pursuant to an independent and adequate state procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The state rule is only "adequate" if it is "well-established and consistently applied." *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir.2003). The state rule must also be "independent" in that it is not "interwoven with the federal law." *Park v. California*, 202 F.3d 1146, 1152 (9th Cir.2000) (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). If the federal court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993); *Coleman*, 501 U.S. at 750.

The California Supreme Court, citing *In re Clark*, 5 Cal.4th 750 (1993), and *In re Robbins*, 18 Cal.4th 770 (1998), denied Baskerville's most recent petition in the state courts as untimely. *See Walker*, 131 S.Ct. at 1126 ("A summary denial citing *Clark* and *Robbins* means that the petition is rejected as untimely."). In *Walker*, the United States Supreme Court held that California's time limitation requiring the filing of petitions seeking habeas relief without "substantial delay," as set forth by *In re Clark* and *In*

*re Robbins*, is a basis independent of the federal questions and adequate to support a state court judgment.[1] *Id*. at 1131. Baskerville has not alleged any facts to cast doubt on the adequacy or application of California's time limitation rule in 2009 when the California Supreme Court denied his petition.[2] *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003); *Lee v. Almager*, 2011 WL 2882148 at *7 (C.D.Cal. June 7, 2011) (even assuming arguendo that the *Bennett* burden shifting scheme applies after the decision in *Walker*, petitioner had not met his interim burden of demonstrating the inadequacy of the California timeliness bar). Baskerville also fails to assert that the California Supreme Court exercised its discretion in a "surprising or unfair" manner or in a way that "discriminates against claims of federal rights" when it denied his state petition as untimely. *See Walker*, 131 S.Ct. at 1130-31 (noting a state ground may be found inadequate when a state court exercises its discretion in these ways). Accordingly, unless Baskerville demonstrates "cause and actual prejudice," or that failure to consider his claim would constitute a "fundamental miscarriage of justice," this Court may not entertain Baskerville's petition for writ of habeas corpus.

*1. Cause for Default and Resulting Prejudice*

A federal habeas court may review a state prisoner's otherwise barred claim if the prisoner can demonstrate cause for the delay in asserting his claims and actual prejudice as a result of an alleged violation of federal law. *Coleman,* 501 U.S. at 750.

Establishing cause for procedural default in the state courts requires the petitioner to demonstrate that his failure to raise the claim sooner was caused by an external factor. *Id.* An external factor is one which the court cannot fairly attribute to the petitioner. *Id.* Examples of external factors include

---

[1] The Supreme Court specifically held that California's timeliness requirement is not rendered "inadequate" by the mere fact that the California Supreme Court maintains the discretion to excuse a procedural default and consider a claim on the merits. *See Walker,* 131 S.Ct. at 1131 ( "We find no inadequacy in California's timeliness rule generally or as applied....").

[2] Baskerville does cite to the Ninth Circuit's decision in *Martin v. Walker*, 357 Fed. Appx. 793 (9th Cir. 2009), which held that California's timeliness bar was undefined and not consistently applied. This decision was reversed by the Supreme Court in *Walker*, 131 S.Ct. at 1131.

"interference by officials that makes compliance with the State's procedural rule impracticable [and] ... the factual or legal basis for a claim was not reasonably available...." *Id.*; *McCleskey v. Zant,* 499 U.S. 467, 493-94 (1991).

Additionally, attorney error so grave that it amounts to a violation of the Sixth Amendment right to counsel may constitute cause for the default. *Coleman*, 501 U.S. at 754. The right to effective assistance of counsel extends to a defendant's first appeal. *Coleman,* 501 U.S. at 755 (citing *Douglas v. People of State of Cal.,* 372 U.S. 353 (1963)). Prevailing on a claim that he received ineffective assistance of counsel requires the petitioner demonstrate: 1) his counsel's performance was deficient (as measured by an objective standard of reasonableness); and 2) resulting prejudice (meaning there exists a reasonable probability that but-for the attorney's error, the outcome would have been different). *Strickland v. Washington,* 466 U.S. 668 (1984).

Baskerville asserts in his opposition that his procedural default in state court resulted from his appellate counsel's failure to raise the alleged discrepancy between his 1998 sentence and the terms of his 1988 plea bargain in his direct appeal following conviction. (Doc. No. 19 at 2.) This Court finds that Baskerville's appellate counsel's allegedly deficient performance in failing to raise the alleged discrepancy between the 1988 plea bargain and 1998 sentence did not constitute the cause for Baskerville's procedural default in California's state courts. As previously mentioned, the California Court of Appeals denied Baskerville's direct appeal in 1998; the California Supreme Court denied further discretionary review in 1999. By the end of 2000, Baskerville completed his first round of state habeas petitions, none of which raised his current claim relating to his sentence and the 1988 plea agreement. The petition currently pending before this Court, raising the claim that his 1998 sentence violates the terms of his 1988 plea bargain, stems from a second round of state petitions initially filed in the California Superior Court in April 2008. Following the final adjudication of his direct appeal in 1999, Baskerville delayed nearly a decade before asserting the current habeas claim in state court. The California courts found the claim untimely, as

Baskerville did not present the claim without substantial delay.

Any failure of Baskerville's appellate counsel to present the current claim on direct appeal would causally relate to a state procedural bar preventing Baskerville from raising the claim for the first time in a collateral attack. However, Baskerville has not explained why appellate counsel's failure to present the claim on direct appeal caused him to fail to timely state it in his first round of state habeas petitions nor why he waited nearly a decade after his conviction became final to assert it in a second round of state habeas petitions. Accordingly, this Court determines that ineffective assistance of counsel cannot possibly constitute the "cause" for the California Supreme Court's determination that Baskerville's second round state petition was untimely.[3] *See Ranieri v. Terhune*, 366 F.Supp.2d 934, 943-44 (C.D. Cal. 2005) (holding that where state petitions were denied as untimely filed in California Supreme Court, "the fact that [petitioner] has asserted ineffective assistance claims in his present petition is irrelevant to whether either trial or appellate counsel caused him to untimely file these petitions").

Baskerville also offers that he encountered difficulties acquiring the plea documents and transcripts from his 1988 case, which he believed necessary to advance the current Petition. (Doc. No. 19 at 10-12, Baskerville Decl. ¶¶4-11.) Liberally construing the Petition, the Court interprets this as a potential argument that Baskerville's cause for default was the result of an "external factor." However, this argument carries no weight, as Baskerville's declaration reveals that he did not attempt to obtain the plea documents and transcripts relating to his 1988 case until at least 2005, more than five years after his 1998 sentencing. (*Id.* at 10-11, Baskerville Decl. ¶¶4-5.) Accordingly, while Baskerville might have encountered some difficulty obtaining certain documents relating to his 1988 plea bargain, this Court finds that it must attribute the delay from 1998 to 2005 to Baskerville's lack of diligence. *See Coleman,* 501 U.S. at 750.

---

[3] The Court will not consider whether Baskerville exhausted his current claim of ineffective assistance of appellate counsel in state court and the merits of any such claim. When a federal habeas court can adjudicate the question of cause without deciding an independent and unexhausted constitutional claim on the merits, the court need not apply the exhaustion doctrine. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986).

Because this Court determines that Baskerville does not offer a valid justification for his delay in asserting the current claim in his state habeas petitions, this Court need not determine whether actual prejudice resulted. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43. ("Since we conclude that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.")

*2. Fundamental Miscarriage of Justice Exception*

Despite a petitioner's failure to demonstrate cause for procedural default, the federal courts may, nonetheless, issue a writ of habeas corpus when a "fundamental miscarriage of justice" might otherwise result. *Murray v. Carrier,* 477 U.S. 478, 485 (1986). However, the Supreme Court advises that the federal habeas courts should reserve the application of this exception for "extraordinary instances" where a constitutional violation likely caused the conviction of one who is actually innocent. *Coleman,* 501 U.S. at 748; *Murray,* 477 U.S. at 495-96.

Baskerville's petition is notably devoid of any argument that he is actually innocent of the underlying crime. Instead, Baskerville limits his objections to the duration of his sentence. Accordingly, this Court determines that this case does not present circumstances warranting application of the fundamental miscarriage of justice exception and recommends that the petition be dismissed for procedural default.

**B. Statute of Limitations**

Because Baskerville's conviction became final after 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) applies. AEDPA sets forth a one year statute of limitations for petitions for a writ of habeas corpus. The limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D).

The Supreme Court of California denied Baskerville's petition for review on February 3, 1999. (Lodgment 6.) Thereafter, Baskerville had ninety days to seek a writ of certiorari from the United States Supreme Court, there is no indication that Baskerville did so. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2000) (holding that a petitioner's conviction becomes final upon the expiration of time during which he may have sought a writ of certiorari from the United States Supreme Court); *see also* S.Ct. R. 13 (providing that a petition for certiorari must be filed within ninety days following the state supreme court's denial of discretionary review).   Therefore, for the purposes of the AEDPA, Baskerville's conviction became final on May 4, 1999, ninety days following the Supreme Court of California's denial of his petition for review.  As Baskerville did not file this petition until January 28, 2011, the current petition is untimely unless Baskerville qualifies for a latter commencement of the limitations period or is entitled to sufficient tolling.[4]

*1. Later Start Date*

Baskerville does not advance an argument that State action somehow impeded the timely filing of his petition for habeas corpus, nor that his claim relies on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.[5]   In his opposition,

---

[4] The mailbox rule holds that an incarcerated pro se prisoner's pleading is deemed filed at the moment of delivery to prison officials. *Miles v. Prunty,* 187 F.3d 1104, 1106 n.2 (9th Cir. 1999).

[5] To the extent that Baskerville's asserted claim may be premised on *Davis v. Woodford,* 446 F.3d 957 (9th Cir. 2006), that decision does not qualify as the basis for a later start date under AEDPA, as *Davis* is a Ninth Circuit decision and not one issued by the Supreme Court. *See* § 2244(d)(1)(C) ("The date on which the constitutional right asserted was initially recognized by the *Supreme Court*, if the right has been newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review.") (emphasis added).

Baskerville claims that he only recently acquired the transcripts and plea documents necessary to advance his claim, classifying these documents as "newly discovered evidence." (Doc. No. 19 at 4.) The Court construes this as an argument for a later start date under § 2244 (d)(1)(D). The availability of the factual predicate for a habeas claim is determined by an objective analysis, focusing on "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1153 n.3 (9th Cir. 2001). Thus, in the instant case, where Baskerville knew, or should have known, the facts of his 1998 sentence and the trial court's reliance on the terms of his 1988 plea bargain, *i.e.* the factual predicate of his claim when his conviction became final, this exception cannot possibly apply.

Accordingly, this Court determines that Baskerville does not qualify for a later start date to AEDPA's statute of limitations.

*2. Statutory Tolling*

Under AEDFA, the one-year statute of limitations is tolled during periods which a petitioner's properly filed petition for habeas corpus is pending before a state court. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A state petition is deemed "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Baskerville qualifies for statutory tolling from January 8, 2000 to September 27, 2000, the time during which his first habeas petitions were pending in state court. (Lodgment 7.) However, Baskerville does not qualify for statutory tolling during the time his initial habeas petition was pending in federal court. *See Duncan v. Walker,* 533 U.S. 167, 181 (2001) (holding that an application for federal habeas corpus review does not toll the statute of limitations provided by 28 U.S.C. § 2244(d)(2)). When Baskerville filed his first state petition on January 8, 2000, 248 days passed since Baskerville's conviction became final on

May 4, 1999. Applying statutory tolling while Baskerville exhausted state court remedies, the statute was tolled through September 27, 2000, the date the California Supreme Court denied his state habeas petition. The statute of limitations began running the following day, on September 28, 2000. Baskerville then had 117 days (365 minus 248) from September 28, 2000 to file his federal petition. Thus, the most generous expiration date for AEDPA's statute of limitations was January 22, 2001. However, Baskerville did not commence this action until January 28, 2011, almost ten years past the statute of limitations deadline.

As Baskerville's subsequent state habeas petitions were filed beginning in 2008 and over seven years after the expiration of AEDPA's one-year statute of limitations, they do not serve to further statutorily toll the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (holding that habeas petitions filed after the expiration of the AEDPA's statute of limitations do not serve to revive a previously expired claim). Accordingly, while Baskerville qualifies for some statutory tolling, he does not qualify for nearly enough to make his 2011 federal petition timely. Therefore, unless Baskerville qualifies for equitable tolling, his petition is barred under the provisions of AEDPA.

*3. Equitable Tolling*

AEDPA's one-year statute of limitations is also subject to equitable tolling. *Calderon v. U.S. Dist. Court*, 128 F.3d 1283, 1288 (9th Cir.1997) (overruled on other grounds by *Calderon v. U.S. Dist. Court*, 163 F.3d 530, 540 (9th Cir.1998)). A petitioner may qualify for equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a timely petition." *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003) (internal citations omitted). "The threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations omitted). The petitioner seeking equitable tolling must demonstrate: (1) he has diligently pursued his rights; and (2) some extraordinary circumstance stood in his way. *Pace,* 544 U.S. at 418. "Extraordinary circumstances exist when wrongful conduct prevents a prisoner

from filing." *Shannon v. Newland,* 410 F.3d 1083, 1090 (9th Cir. 2005) (citations omitted); s*ee also, e.g., Whalem/Hunt v. Early*, 223 F.3d 1146, 1148 (9th Cir. 2000) (applying equitable tolling when the prison library was inadequate); *Hunt v. Early*, 233 F.3d 918, 925 (9th Cir. 2002) (applying equitable tolling where the prisoner was denied access to his files).

Baskerville fails to show that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to filing the current Petition. Baskerville offers that he has diligently attempted to acquire the documents necessary to advance his habeas claim, namely his 1988 plea agreement. (Doc. 19 at 6.) Even without this document, if diligent, Baskerville could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline. Notably, Baskerville does not assert that he was unaware of the terms of his 1998 sentence and its reliance on his 1988 plea agreement. Baskerville also argues that he was granted a certificate of appealability in connection with the dismissal of his first federal petition, and the order did not specify a time limit or the issues on which it was granted. (Doc. No. 19 at 10, Baskerville Decl. ¶2.) Baskerville states that he finally, at the end of 2005, wrote a letter to the clerk of court regarding his certificate of appealability. (*Id.*, ¶4.) However, Baskerville never pursued an appeal of the district court's dismissal, nor did he attempt to exhaust state remedies until 2008, when he initiated his second round of state habeas petitions. Baskerville also states that in 2005 he also began attempting to get the plea bargain documents and transcripts from the state courts. (*Id.* at 11, ¶5.) Waiting nearly five years to seek clarification from the court, waiting over six years from when his conviction became final to attempt to retrieve his documents, and waiting over seven years to attempt to exhaust state remedies after the dismissal of his first federal petition does not show Baskerville was diligent in pursuing his rights. Accordingly, Baskerville fails to satisfy the diligence prong of the equitable tolling test.

Baskerville has also not offered any exceptional circumstances standing in his way of filing the instant Petition. Baskerville's confusion over the certificate of appealability and results of his first federal habeas petition do not qualify as an exceptional circumstance. *See Raspberry v. Garcia*, 448 F.3d 1150,

1154 (9th Cir. 2006) (pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling). Baskerville could have asserted the current habeas claim at any time and has not shown that any of the circumstances discussed actually prevented his timely filing of the instant Petition.

Although not raised by Baskerville, he is not entitled to equitable tolling based on his first federal petition, which was timely filed. When a district court dismisses a timely-filed mixed petition without first giving the petitioner the options provided in *Rose v. Lundy*, 455 U.S. 509 (1982), a petitioner may be entitled to equitable tolling from the date the first habeas petition was dismissed until the date he files his second habeas petition, if the petitioner returns to federal court within a reasonable period of time. *Jefferson v. Budge*, 419 F.3d 1013, 1016-17 (9th Cir. 2005). Before dismissing Baskerville's first federal petition without prejudice for containing an unexhausted claim, the district court offered Baskerville the options provided in *Rose v. Lundy*; the court further advised Baskerville that his election to dismiss the petition might render his claims time-barred. [6] (Case No. 00- CV-2119-K (BEN), Doc. No. 4; Doc. No. 9; Doc. No. 12; & Doc. No. 16.) Baskerville also did not return to federal court within a reasonable period of time following the dismissal, as his current Petition was filed over nine years after the district court's dismissal of his first petition. Therefore, the Court finds his timely-filed first federal petition is not an exceptional circumstance warranting equitable tolling.

In sum, the Court concludes that Baskerville failed to meet his burden to show that he is entitled to any equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas petitioners have the burden of proof to show equitable tolling). Because Baskerville's claim is not eligible for sufficient statutory tolling or any equitable tolling, this Court finds that his claim is barred by AEDPA's

---

[6]The Court further notes that upon dismissal of Baskerville's first federal habeas action, Judge Keep explicitly advised Baskerville that the AEDPA's statute of limitations would prohibit his filing of an additional habeas petition in the federal courts. (*See* Lodgment 8 ("All sides recognize that if the instant petition is dismissed, [Baskerville] would be barred from bringing another federal habeas motion under the limitations of AEDPA.").)

one-year statute of limitations and should be dismissed.

## C. Leave to Amend

Upon dismissal of a petition for writ of habeas corpus, the district court must grant leave to amend unless it appears "that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971). Because a procedural default in the state court precludes this Court's review, this Court determines that further pleadings in this court would not benefit the petitioner. Furthermore, as the current Petition is time barred under AEDPA, this Court determines that dismissal with prejudice is appropriate as subsequent petitions would be untimely. Accordingly, this Court recommends the District Court dismiss the petition without leave to amend.

## D. Certificate of Appealability

AEDPA provides that a "certificate of appealability" shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right." *Miller-El v. Cockrell* 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Because the current Petition is both procedurally defaulted and time-barred under AEDPA, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Therefore, this Court recommends the District Court decline to issue a certificate of appealability.

## CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1). Accordingly, it is **RECOMMENDED** that:

1. Respondent's motion to dismiss the petition be GRANTED;

/ / /

2. The petition be DISMISSED without leave to amend; and

3. The court DECLINE to issue a certificate of appealability.

**IT IS ORDERED** that no later than **December 19, 2011**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 6, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 21, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge