**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE MANLY BASKERVILLE,<br><br>   Petitioner,<br>vs.<br><br>MATTHEW CATE, Secretary, et al.,<br><br>   Respondent. | CASE NO. 11cv0242 WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the court is the Report and Recommendation (ECF No. 22) filed by United States Magistrate Judge Bernard G. Skomal recommending that the Motion to Dismiss (ECF No. 11) filed by Respondent be granted and that the Petition for Writ of Habeas Corpus (ECF No. 1) filed by Petitioner be dismissed.

## BACKGROUND

In 1988, Petitioner pled guilty to five counts of residential burglary and was sentenced to eight years in custody. (Lodgment 11). In 1997, Petitioner was convicted by a jury of robbery and attempted robbery. (Lodgment 2). In a 1998 bifurcated hearing following that conviction, Petitioner was sentenced to fifty years to life based on his prior strike convictions from 1988. (Lodgment 4). The California Court of Appeal denied Petitioner's direct appeal on November 23, 1998 (Lodgment 4) and the Supreme Court of California denied further review on February 3, 1999 (Lodgment 6).

On January 8, 2000, Petitioner filed a petition for writ of habeas corpus in the California Superior Court which was denied on February 7, 2000. (Lodgment 7). On March 17, 2000, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal which was denied on April 26, 2000. *Id.* On May 30, 2000, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on September 27, 2000. *Id.*

On October 19, 2000, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, which was assigned case number 00CV2119-K-BEN. (Lodgment 8). The Court dismissed the petition because one of the claims remained unexhausted. *Id.* There is no evidence on the record that Petitioner appealed this decision.

In 2008, Petitioner filed a new petition for writ of habeas corpus in California Superior Court. (Lodgment 10). In this petition, Petitioner claimed for the first time that the sentencing court in 1998 improperly counted his prior five burglary convictions as strike priors. According to Petitioner, the plea agreement in that case promised that the five convictions would only count as one strike. On May 5, 2008, the California Supreme Court denied the petition on its merits because the court found that no such promise was contained in the plea agreement. *Id.* The California Supreme Court additionally denied the petition as untimely and successive because Petitioner could have, but did not, raise this particular claim in any of his earlier proceedings. *Id.*

On November 10, 2008, the California Court of Appeal denied the petition on its merits and for procedural default as untimely and successive. (Lodgment 12). On May 20, 2010, the California Supreme Court denied the petition, citing *In re Clark*, 5 Cal. 4th 750 (1993) and *In re Robbins,* 18 Cal. 4th 770, 780 (1998). (Lodgment 14.)

On January 28, 2011, Petitioner filed the present petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (ECF No. 1). The first and only grounds for the petition is that the sentencing court in 1998 improperly counted Petitioner's prior burglary convictions as strike priors, contrary to Petitioner's understanding of the plea agreement. This is the same claim that the California Supreme Court denied on its merits and as untimely on May 20, 2010. (Lodgments 12, 14.)

On April 4, 2011, Respondent filed a motion to dismiss on the grounds that Petitioner's claims are (1) procedurally defaulted as untimely and (2) barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (ECF No. 11). On May 19, 2011, Petitioner filed an opposition to the motion to dismiss. (ECF No. 19). Petitioner contends that he should be excused from procedural default because he can demonstrate cause for the delay along with prejudice, and that equitable tolling may apply to the AEDPA statute of limitations.

On November 21, 2011, the Magistrate Judge issued the Report and Recommendation recommending that the motion to dismiss be granted and the petition be denied. (ECF No. 22). The Magistrate Judge found that Petitioner defaulted on his claims in state court pursuant to independent and adequate procedural state rules and that the AEDPA statute of limitations applied to bar Petitioners claims in federal court.

On December 23, 2011, Petitioner filed objections to the Report and Recommendation that recited verbatum the arguments contained in Petitioner's opposition to the motion to dismiss. (ECF No. 26; see also ECF No. 19).

## REVIEW OF THE REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

The Court has reviewed *de novo* the petition, the record, and the submissions of the parties. The Magistrate Judge correctly stated that, "[u]nder the doctrine of procedural default, a petitioner who has defaulted on his claims in state court is barred from raising them in federal court so long as the default is 'pursuant to an independent and adequate state procedural rule.'"

1  (ECF No. 22 at 5, quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)), and that
2  "California's time limitation requiring the filing of petitions seeking habeas relief without
3  'substantial delay'... is a basis independent of the federal questions and adequate to support a
4  state court judgment." *Id.* at 5-6, quoting *Walker v. Martin*, – U.S. –, 131 S.Ct. 1120, 1131
5  (2011). The Magistrate Judge correctly stated that "unless Baskerville demonstrates 'cause and
6  actual prejudice,' or that failure to consider his claim would constitute a 'fundamental
7  miscarriage of justice,' this Court may not entertain Baskerville's petition for writ of habeas
8  corpus." *Id.* at 7, quoting *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993).

9  The Magistrate Judge correctly found that, "[f]ollowing the final adjudication of his
10 direct appeal in 1999, Baskerville delayed nearly a decade before asserting the current habeas
11 claim in state court." (ECF No. 22 at 7). The Magistrate Judge correctly attributed the delay
12 "to Baskerville's lack of diligence" rather than any error on the part of appellate counsel or
13 difficulties in acquiring documents from the 1988 case. *Id*. at 8. The Magistrate Judge
14 correctly concluded that there was no evidence of cause for the lengthy delay, and "this case
15 does not present circumstances warranting application of the fundamental miscarriage of
16 justice exception...." *Id*. at 9.

17 The Magistrate Judge correctly applied the AEDPA one-year statute of limitations for
18 filing petitions for writ of habeas corpus to Petitioner's claims. The Magistrate Judge correctly
19 concluded that "Baskerville does not qualify for a later start date to AEDPA's statute of
20 limitations" and that "while Baskerville qualifies for some statutory tolling, he does not qualify
21 for nearly enough to make his 2011 federal petition timely." *Id.* at 11-12. The Magistrate
22 Judge correctly concluded that Petitioner failed to show entitlement to equitable tolling.

23 The Magistrate Judge correctly concluded that "[b]ecause a procedural default in the
24 state court precludes this Court's review.... [and] the current Petition is time barred under
25 AEDPA... dismissal with prejudice is appropriate as subsequent petitions would be untimely."
26 *Id*. at 15.

27 The Magistrate Judge correctly stated that a certificate of appealability shall issue when
28 the petitioner demonstrates "that reasonable jurists could debate whether the petition should

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* The Magistrate Judge correctly concluded that, given the above conclusions regarding procedural default and the AEDPA statue of limitations, "it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner." *Id.* The Magistrate Judge correctly concluded that a certificate of appealability should not be issued in this case. *Id.*

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 22) is ADOPTED in its entirety. The Motion to Dismiss (ECF No. 11) filed by Respondent is GRANTED. The Petition for Writ of Habeas Corpus (ECF No. 1) filed by Petitioner is DENIED. A certificate of appealability is DENIED. The Clerk of the Court shall enter judgment in favor of Respondents.

DATED: March 8, 2012

**WILLIAM Q. HAYES**
United States District Judge